UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIANE BORCHARDT,

       Petitioner,

  v.                                     Case No. 17-cv-336-pp

SCOTT WALKER,
JEFFERSON COUNTY,
DALINDA LARSON AND
JOHN ULLSVIK,

       Respondents.

---

**ORDER DENYING AS MOOT PETITIONER'S FIRST MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3), DENYING AS INAPPLICABLE PETITIONER'S SECOND AND THIRD MOTIONS TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NOS. 5 AND 6), DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 2), AND REQUIRING THAT, BY THE END OF THE DAY ON APRIL 16, 2018, THE PETITIONER SHALL FILE AN AMENDED PETITION ON THE REQUIRED FORM AND PROVIDE THE COURT WITH EVIDENCE TO SUPPORT HER CLAIM OF ACTUAL INNOCENCE, OR FACE DISMISSAL OF HER CASE**

---

       The petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging her 1994 conviction in Jefferson County Circuit Court. Dkt. No. 1. Because the petitioner did not file her petition on the proper form, and because she did not provide any evidence in support of her claim of actual innocence, the court will allow the petitioner to file an amended petition, on the proper form, by the end of the day on April 16, 2018. If the petitioner does not file an amended petition on the proper form, supported by evidence of actual

1

innocence, by the end of the day on April 16, 2018, the court will dismiss her petition.

I.  **Motions for Leave to Proceed Without Prepayment of the Filing Fee**

The petitioner filed her complaint on the form that prisoners use when they are bringing a civil lawsuit to sue for money damages or injunctive relief. She names as defendants Scott Walker, Jefferson County, former district attorney Linda Larson and former Jefferson County Circuit Judge John Ullsvick. Dkt. No. 1 at 1. At the end of the pleading, the plaintiff asks for money damages. Id. at 9. But the plaintiff writes in the handwritten part of the pleading that she is seeking *habeas corpus* relief under 28 U.S.C. §2241, and that she is asking to be released from prison because she is innocent. Id. at 3, 8. It appears that the petitioner is trying to obtain two different kinds of relief that can't be sought in the same case.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Section 2241 of Title 28 says that a person cannot obtain a writ of *habeas corpus* unless that person is in custody in violation of the Constitution, laws or treaties of the United States. Section 2254 of that same title says that a federal court may grant a writ of *habeas corpus* to a person who is in state custody, if that person shows that she is in state custody in violation of the Constitution, laws or treaties of the United States. The Supreme Court has held that a writ of *habeas corpus* provides the sole remedy for a prisoner who is

2

challenging the legality of his imprisonment and seeking release. Id. at 500. It is available to any person who claims that she is "being unlawfully subjected to physical restraint." Id. at 486.

In contrast, 42 U.S.C. §1983 allows a person who believes that a state actor has violated her constitutional rights to sue that person for money damages. Section 1983 allows a prisoner to sue for damages or injunctive relief for constitutional violations they suffered before going into custody, or while in custody. Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999).

It makes a difference which of these things the plaintiff is trying to do for many reasons. One of those reasons is the filing fee. The filing fee for filing a *habeas* petition is $5. The filing fee for filing a §1983 complaint is $350. The petitioner has filed three motions for leave to proceed without prepayment of the filing fee. Dkt. Nos. 3, 5 and 6. The first motion is on the form that a *habeas* petitioner files for waiver of the $5 *habeas* filing fee. Dkt. No. 3. The second and third motions are on the form that a prisoner files when seeking waiver of the $350 civil lawsuit filing fee. Dkt. Nos. 5 and 6.

For the purposes of this order, the court will assume that what the petitioner is asking for in this filing is release from prison. That means that the court will assume that she meant to file a *habeas* petition under 28 U.S.C. §§2241 and 2254. *That* means that she owes a $5 filing fee. Despite the petitioner having filed a motion to waive the $5 filing fee (dkt. no. 3), the court received that fee from the petitioner on April 10, 2017. So, the court will deny

as moot the petitioner's motion to waive the $5 *habeas* filing fee, and will deny as inapplicable the two motions to waive the $350 §1983 filing fee.

## II. Motion to Appoint Counsel

The petitioner has filed a motion asking the court to appoint counsel to represent her. Dkt. No. 2. In support of this motion, she says that she does not have any legal background, that she is indigent, and that she "has tried to hire counsel and has been turned down time and time again." Id.

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). The court does not have money to hire lawyers for civil plaintiffs. Because there are not enough volunteer lawyers to represent every civil party who asks for one, the court must carefully consider each request to determine when to appoint counsel. In order for a court to consider appointing counsel to represent a civil party, the party must first make reasonable efforts to hire private counsel on her own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a party can satisfy this requirement by providing the court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the party demonstrates that she has made reasonable attempts to hire counsel on her own, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the party's ability to try her case, but

also at her ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

Here, the petitioner has not provided the court with any information regarding how many attorneys she has contacted, or who they were, or when she tried to contact them. She must provide that information first, before the court will consider appointing counsel for her. Even if she had provided that information, the court could not conclude at this stage that the plaintiff cannot present her claims on her own. Although the plaintiff has asked for two forms of relief that cannot be combined in the same case, she has clearly laid out why she believes that her conviction is unlawful. The court will deny the petitioner's motion to appoint counsel without prejudice; if there comes a time when she cannot handle the case herself, she may renew her motion.

### III. Petition for Writ of *Habeas Corpus*

The court has, for the purposes of this order, treated the petitioner's pleading as a petition for a writ of *habeas corpus* under 28 U.S.C. §§2241 and 2254. Section 2254 of Title 28 permits a person in custody under a state court judgment to bring a petition for a writ of *habeas corpus* on the ground that she is "in custody in violation of the Constitution or laws or treaties of the United

5

States." 28 U.S.C. § 2254(a). There is a specific form for people seeking *habeas* relief under §2254 to use. This form is designed to give a court all of the information that it needs to decide whether the petitioner is entitled to relief, including information about whether the petitioner timely requested that relief.

The law requires a person to file a §2254 petition within one year from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Because the petitioner did not file her petition on the required form, she has not provided all information necessary for the court to determine whether she is time-barred from filing for *habeas* relief. The court did some research on its own to try to make this determination. The court first looked at the Wisconsin Circuit Court Access Program ("CCAP"), the on-line docketing system for state court cases. That database shows State v. Borchardt, 1994CF00313, in Jefferson County in front of Judge John M. Ullsvik.

(Accessible at http://wcca.wicourts.gov). It appears that the petitioner was convicted in that case on May 20, 1995, and sentenced on August 1, 1995. Westlaw, the electronic research database, shows that the petitioner appealed her conviction, and that on April 23, 1998, the Wisconsin Court of Appeals affirmed her conviction and sentence. State v. Borchardt, 220 Wis. 2d 355 (Wis. Ct. App. 1998). The Wisconsin Supreme Court denied her petition for review on July 24, 1998. State v. Borchard, 220 Wis. 2d 364 (Wis. 1998). This means that her conviction became "final" for purposes of §2254 in October of 1999.

CCAP shows that the petitioner filed a motion to reopen the state court case on December 6, 2016, along with a "proposed writ of *habeas corpus*." State v. Borchardt, Case No. 1994CF00313, Jefferson County Circuit Court. (Accessible at http://wcca.wicourts.gov). On April 6, 2017, the petitioner filed a motion for removal of judge and to move her case out of Jefferson County. Id. The circuit court denied that motion on April 12, 2017 for failure to plead facts sufficient to warrant the requested relief. Id. Aside from filing various letters, it does not appear that the petitioner took any other action in the state court.

It appears from these limited facts that the plaintiff filed this *habeas* petition some seventeen years after her conviction became "final" under §2254, which would mean that her petition is untimely.

Even if the petition is untimely, however, a petitioner may overcome the one-year statute of limitations bar by making a "credible showing of actual innocence." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). Such a

7

showing "requires petitioner to support [her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The Schlup standard permits a federal district court to conduct a *habeas* review of time-barred or defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006).

The petitioner claims that several (unidentified) "persons have reached out to the plaintiff with wanting to give sworn statements of the assailants had told them 'that the plaintiff . . . was not involved in this case what so ever and should not even be prosecuted in this case . . . .'" Dkt. No. 1 at 3. She further asserts that defendant Jason Yahanke wants immunity and will tell who planned the attack and the identities of the actual assailants (presumably vindicating the petitioner). Id. at 3-4. The plaintiff claims that she has written to the district attorney and the judges, but that they have not written back, which left her no choice but to come to federal court. Id. at 4.

A credible claim of actual innocence requires more than a mere assertion. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the

8

merits of a barred claim." Schlup, 513 U.S. at 861. In order for this court to consider a claim that appears to have been barred sixteen or seventeen years ago, the petitioner must provide the court with new, reliable evidence that she could not have presented at her Jefferson County trial. The petitioner does not identify the "several individuals" who have reached out to her, or provide proof that any of these individuals have personal knowledge of her innocence. She does not state when she learned of this new evidence. She does not provide any evidence, such as a sworn statement or affidavit from Yahanke or anyone else, that would allow the court to determine she has a credible claim of actual innocence.

If the petitioner wants this federal court to consider her claim that she should be released from prison, she must do several things. First, she must file an amended request for *habeas* relief on the appropriate form—fully completed—so that the court can determine whether her claim is timely. She must write the word "AMENDED" on the first page, next to the word "PETITION" in the title of the form. In the space for "Respondent, authorized person having custody of the petitioner," she must name the warden of the facility where she is being held (Taycheedah Correctional Institution), not the governor of Wisconsin or the district attorney or the judge in her case. Second, she must provide the court with new, reliable evidence—evidence that was not available to her at her trial years ago—showing that she actually is innocent of the homicide charge. Only if she does these things can the court consider her claim for *habeas* relief.

If the plaintiff wants to pursue a claim for money damages based on alleged civil rights violations, she must file a separate civil lawsuit under 42 U.S.C. §1983 against the people whom she believes violated her constitutional rights. She cannot ask, as part of a §1983 suit, to be released from prison; that relief is available only through a *habeas* petition.

## IV. Conclusion

The court **DENIES AS MOOT** the petitioner's first motion for leave to proceed without the prepayment of the filing fee. Dkt. No. 3.

The court **DENIES** as inapplicable the petitioner's second and third motions to proceed without prepaying the filing fee. Dkt. Nos. 5 and 6.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 2.

The court **ORDERS** that, in time for the court to receive it by the end of the day on **April 16, 2018**, the plaintiff shall file an amended petition on the enclosed form, along with evidence supporting her claim of actual innocence. If the court does not receive from the petitioner an amended petition on the enclosed form, along with evidence supporting her claim of actual innocence, by the end of the day on April 16, 2018, the court will dismiss this case.

Dated in Milwaukee, Wisconsin this 5th day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**